IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Matterhorn Group, Inc., <br><br> Debtor. <br>_____ <br><br> Vitafreeze Frozen Confections, Inc., <br><br> Debtor. <br>_____ <br><br> Deluxe Ice Cream Company, <br><br> Debtor. <br>_____ | 2:10-cv-02849-GEB-EFB <br><br> <u>ORDER DENYING EX PARTE APPLICATION TO SHORTEN TIME AND REQUIRING RESPONSE TO DEBTORS' NOTICE OF MOOTNESS OF THE MOTION FOR WITHDRAWAL OF REFERENCE</u> |

On October 28, 2010, the undersigned was made aware of the Creditors' "Ex Parte Application to Shorten Time to Hear Motion for Withdrawal of Reference and Request for Stay of Bankruptcy Hearing" ("Ex Parte Application"), which was filed on October 21, 2010. The apparent reason why the undersigned was not made aware of the Ex Parte Application earlier is because it was filed as pages 28-32 of the Motion to Withdraw the Reference, not as a separate filing. (ECF No. 1, 28-32.)

The Creditors state in their Ex Parte Application:

> 1. [Creditors] hereby apply for an order setting a hearing on shortened notice on their Joint Motion To Withdraw The Reference Of Debtors' Motion To Modify Or Reject Collective Bargaining

1

>  Agreements With [the Creditors] ("Motion to Withdraw"), filed herewith on October 19, 2010.
>
>  . . . .
>
>  4. . . . Debtors' filed their Motion To Modify Or Reject Collective Bargaining Agreements with the [Creditors] ("Motion to Reject") on October 11, 2010 noticing an October 25, 2010 hearing date.
>
>  5. [Creditors] filed an opposition to the Motion to Reject on October 18, 2010 in the Bankruptcy Court and are herewith filing a Motion to Withdraw in this Court . . . .
>
>  . . . .
>
>  9. Shortening the time of notice is appropriate in the interests of judicial economy and fairness, in order that the question of whether to withdraw the matter can be heard prior to the hearing on the matter now set in the bankruptcy court for October 25, 2010. The Motion to Reject was filed with 14-day notice to [Creditors], and [Creditors] filed their opposition thereto within a week of its receipt. [Creditors] have provided verbal notice to the Debtors that the Motion to Withdraw would be filed in this Court. Only with a shortened notice period and a stay of the contested matter in the bankruptcy court may the [Creditors'] position, that this matter must be heard and resolved by this Court, be given fair appraisal.

Id. at 30-31.

Debtors' filed a "Notice of Mootness of the [Creditors'] Motion for Withdrawal of Reference" on October 28, 2010, in which they state "[Debtors' Motion to Reject] was already heard by the Bankruptcy Court on October 25, 2010, and denied without prejudice on October 26, 2010 . . . . Accordingly, the Withdrawal Motion has been rendered moot." (ECF No. 2, 2:11-16.)

Since the Bankruptcy Court heard Debtor's Motion to Reject on October 25, 2010, and no other reason was given for hearing the Motion to Withdraw on shortened time, Creditors' Ex Parte Application is denied.

2

1  Further, Creditors shall respond to Debtors' Notice of
2 Mootness no later than November 5, 2010. If no response is filed,
3 Creditors' Motion to Withdraw (ECF No. 1) will be deemed moot and denied
4 as such.

Dated:  October 28, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge