IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Matterhorn Group, Inc.,<br><br>　　　　Debtor.<br>_____<br><br>Vitafreeze Frozen Confections, Inc.,<br><br>　　　　Debtor.<br>_____<br><br>Deluxe Ice Cream Company,<br><br>　　　　Debtor.<br>_____ | 2:10-cv-02849-GEB-EFB<br><br>ORDER DENYING UNION'S MOTION FOR STAY[*] |

On November 3, 2010, the Bakery, Confectionery, Tobacco Workers Union Local No. 85 and Teamsters Local 324 ("the Unions") filed a motion "for an order staying all Bankruptcy Court action with regard to the Unions' three collective bargaining agreements ("CBAs") and the Unions' rights under federal labor law" pending a decision by this Court on the Unions' two motions to withdraw reference. (Unions' Mem. of P.&A. in Supp. of Mot. to Stay ("Mot.") 1:2-7.) On November 3, 2010, the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

Unions also filed an ex parte application for an order shortening time requesting the stay motion be heard "prior to the hearing on the merits of the matters [the Unions seek to withdraw] now set in the bankruptcy court for November 8, 2010." (Ex Parte Appl. for Order Shortening Time ("Appl.") 3:6-8.)

The Unions argue "[a] stay is appropriate here to permit this Court to determine whether to withdraw the contested matters without proceedings occurring in the bankruptcy court that would result in prejudice to the Unions' position should the references be withdrawn." (Mot. 5:12-14.)

Matterhorn Group, Inc., Vitafreze Frozen Confections, Inc. and Delux Ice Cream Company (the "Debtors") oppose both the ex parte application for an order shortening time and the stay motion. (Debtors' Mem. of P.&A. in Opp'n ("Opp'n").) The Debtors argue the merits of the motion and contend the Unions' emergency stay motion is unfair, arguing:

> The Sale Motion was filed on October 8, 2010. The Unions waited 26 days, until 3 court days before the hearing on the Sale Motion, to seek a stay on shortened time. This is unfair. The Unions cannot create their own exigency by waiting until the last minute to seek relief where there is not enough time to conduct the hearing on proper notice.

(Opp'n 4:12-18.)

## I. BACKGROUND

The Unions have filed Motions for Withdrawal of Reference concerning two motions pending in the Bankruptcy Court: 1) the Debtors' Motion to Reject Collective Bargaining Agreements ("Rejection Motion"), and 2) the Debtors' Sale Motion ("Sale Motion"), which the Unions allege seeks to make the sale of Debtors' assets expressly free and clear of all union and pension liabilities.

2

The Debtors' original Rejection Motion was heard by the Bankruptcy Court on October 25, 2010, and denied without prejudice on October 26, 2010. (Debtors' Notice of Mootness, 2:11-16, Ex. A, ECF No. 2.) The Debtors filed a Renewed Motion to Reject Collective Bargaining Agreements on October 28, 2010, which is scheduled to be heard in the Bankruptcy Court on November 8, 2010. (Decl. of Emily Rich in Supp. of Unions' Motion for to Stay ("Rich Decl.") ¶ 4.) The Debtors' Sale Motion is also scheduled to be heard in the Bankruptcy Court on November 8, 2010. (Rich Decl. ¶ 2.)

The Unions filed a motion to stay the original Rejection Motion in the Bankruptcy Court on October 21, 2010, seeking a stay pending resolution of their related motion for withdrawal of reference. (Rich Decl. ¶ 6.) The Bankruptcy Court denied the Unions' stay motion without prejudice holding *inter alia*, "[i]f the debtors' [Rejection Motion] is not denied at the hearing on October 25, the court will then consider the issuance of a stay pending the District Court's consideration of the motion to withdraw the reference filed by the unions." (Order, 1:28-2:3, ECF No. 346 in the bankruptcy matter.)

The Unions also filed a motion to stay the Sale Motion in the Bankruptcy Court on October 21, 2010, seeking a stay pending resolution of their related motion for withdrawal of reference. (Rich Decl. ¶ 7.) However, the Unions did not file the motion for withdrawal of reference concerning the Sale Motion until November 1, 2010. (Rich Dec. ¶ 7.) The Bankruptcy Court denied the Unions' stay motion on October 29, 2010, holding *inter alia*, "[t]o the extent the unions are requesting a stay in connection with a request that [the] District Court withdraw the reference of the sale motion (LNB-16) still pending in this court, no

3

such withdrawal motion has been filed or docketed." (Order, 2:11-14, ECF No. 410 in the bankruptcy matter.)

## II. DISCUSSION

A party may move to stay a case or proceeding before the bankruptcy court pending disposition of a motion for withdrawal under Federal Rule of Bankruptcy Procedure 5011(c). The moving party has the burden "to establish that a stay under the circumstances would be appropriate." In re The Antioch Co., 435 B.R. 493, 496 (Bankr. S.D. Ohio 2010) (citation omitted). "The inquiry in determining if a stay is proper pending a decision on [a] Motion to Withdraw is the same as on any motion for stay." In re Price, No. 05-04807-TOM-13, 2007 WL 1125639, at *7 (Bankr. N.D. Ala. 2007) (citation omitted).

> [A] stay should be granted only if the moving party can show (1) the likelihood that the pending motion to withdraw will be granted (i.e. likelihood of success on the merits); (2) that the movant will suffer irreparable harm if the stay is denied; (3) that the non-movants will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay.

In re The Antioch Co., 435 B.R. at 497; see also In re Price, 2007 WL 1125639, at *7.

The Unions do not argue their stay motion under this four factor test, and have made no arguments in their stay motion which could be construed as addressing the likelihood of success on the merits factor.

Further, a stay motion "ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge." Fed. R. Bankr. P. 5011(c). The Unions have not shown that they properly moved to stay the bankruptcy

proceedings in the Bankruptcy Court. Although the Unions moved to stay the Debtors' original Rejection Motion in the Bankruptcy Court, it does not appear that they moved to stay the renewed Rejection Motion in the Bankruptcy Court. Further, when the Unions moved to stay the Sale Motion in the Bankruptcy Court, they had not yet filed a motion for withdrawal of reference of the Sale Motion.

### III. CONCLUSION

For the stated reasons, the Unions' Motion to Stay Bankruptcy Court Action is DENIED.

Dated:  November 5, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge